WOODLIFF v. FRECHETTE.

1. RECEIVERS—POWERS DERIVED FROM STATUTES, RULES, AND ORDERS OF COURT.

Receiver of insolvent corporation appointed by circuit court is arm of the court, and derives his authority from the statutes and rules of court, the order appointing him, and specific orders which may from time to time be made by court of his appointment.

2. SAME—POWER OF CORPORATION'S RECEIVER TO SUE DIRECTORS WITHOUT SPECIAL AUTHORIZATION.

Receiver of insolvent corporation as such has right to sue directors for discovery, to recover money claimed to have been lost through their fraud and negligence, and it is not necessary that he be specially authorized by the court to bring such suit (former Circuit Court Rule No. 61; Michigan Court Rule No. 53).

Appeal from Presque Isle; Smith (Fred P.), J. Submitted April 23, 1931. (Docket No. 61, Calendar No. 35,483.) Decided June 1, 1931.

Bill by Richard S. Woodliff, receiver of Quality Home Builders Company, against Elmer E. Frechette and others for discovery, to recover assets alleged to have been lost through defendants' fraud and negligence. From order denying motion to dismiss, defendants appeal. Affirmed.

D. W. Closser and George B. Hartrick, for plaintiff.

Orville H. Foster, Jr. (Edmund E. Shepherd, of counsel), for defendants.

POTTER, J. Plaintiff, receiver of Quality Home Builders Company, a corporation, sued defendants for discovery, to recover money claimed to have been lost through the fraud and negligence of the directors of the corporation and for other relief. Defendants Willings and Spathelf moved to dismiss the bill of complaint. From an order denying defendants' motion to dismiss they appeal. Plaintiff was appointed by the circuit court of Oakland county. As such receiver he is the arm of the court. He derives his authority as such receiver from the statutes and rules of court, the order appointing him, and specific orders which may from time to time be made by the court of his appointment. Defendants object that it does not appear plaintiff was authorized to bring suit and he has no right to bring it unless authorized so to do. High on Receivers (4th Ed.), p. 245. Plaintiff filed this bill in 1930. At that time Circuit Court Rule No. 61 was in force. It provides:

"Every receiver of the property and effects of the debtor, appointed in a suit upon a creditor's bill, shall, unless restricted by the special order of the court, have general power and authority to sue for and collect all the debts, demands and rents belonging to such debtor, and to compromise and settle such as are unsafe and of a doubtful character."

The rule gives him many other powers and provides it shall be his duty without unreasonable delay to convert all the personal estate and effects into money. Former Circuit Court Rule No. 61 is identical with Michigan Court Rule No. 53.

"His right to sue is limited to the right of the person or corporation over whose property he is appointed, if no receiver had been appointed except

in those instances where, as a representative of the creditors, he may avoid illegal and fraudulent acts of the party whom he succeeds which the party might be estopped from doing.  *  *  *  His suit is legal and equitable, according to the subject matter, and his rights when in court are precisely those of any other person." 2 Tardy's Smith on Receivers, pp. 1999, 2002.

No other reason assigned for dismissing the bill of complaint merits discussion, and the order of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.